Filed 1/8/26  P. v. Ast CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>SETH EUGENE AST,<br><br>　　Defendant and Appellant. | D085737<br><br><br><br>(Super. Ct. No. SCE428671) |

APPEAL from a judgment of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed.

Matthew Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Seth Eugene Ast of driving and receiving a stolen vehicle and he was sentenced to six years in prison.  Ast's appellate counsel filed a brief stating no arguable issues can be found.  (See generally *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).)  We have independently reviewed the record and agree there are no reasonably arguable issues.  Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Robert Bernay is a self-employed locksmith. One morning in early November 2024, he went to his office and discovered that his Chevy box truck—containing tools worth at least $50,000—was missing. He checked his surveillance cameras and saw that the truck was driven away shortly after 11:00 p.m. the night before. The video did not clearly capture the person entering or driving the truck.[1] Bernay reported the theft to the police right away.

Later that night, city cameras registered the box truck's license plate and notified police of its location. Nearby officers promptly located the truck and initiated a traffic stop. The driver and sole occupant, Ast, was ordered out of the truck and placed under arrest. After receiving his *Miranda* advisements, Ast made a confusing series of statements to the police. He said that he got the truck from his work, that his brother told him to take it, and that he knew the owner's brother.

When Bernay received the truck back a few days later, its air conditioning unit had been removed from the roof—leaving a large hole—and placed on the passenger seat. A railing was damaged and about half the tools were missing. At trial, he confirmed that he does not know Ast and did not give him permission to drive his truck. His brother had been deceased for two years.

The prosecution presented evidence at trial that, in 2022, Ast was pulled over driving a Chevy SUV that had been reported stolen two days earlier. Ast told police that his brother gave him the vehicle. He was arrested for driving a stolen vehicle.

---

[1] Bernay did not save a copy of the video and it automatically erased within 30 days (i.e., by early December 2024).

Ast was charged with unlawfully driving a vehicle (Veh. Code, § 10851, subd. (a)) and receiving a stolen vehicle (Pen. Code,[2] § 496d). As to both counts, the prosecution alleged that he was previously convicted of receiving a stolen vehicle (§ 666.5, subd. (a)). It was further alleged that he suffered one prior strike conviction (§§ 667, subds. (b)–(i), 1170.12). A jury convicted Ast on both counts. In bifurcated proceedings, he admitted the prior conviction allegations. The trial court sentenced Ast to six years in prison on the unlawful driving count, comprised of the midterm of three years, doubled to six years for the strike prior. An identical sentence for receiving a stolen vehicle was stayed pursuant to section 654.

## DISCUSSION

Appellate counsel filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738 indicating that he identified no reasonably arguable issues for reversal on appeal. He asked this court to review the entire record as mandated by *Wende*, paying particular attention to two issues: (1) whether the trial court erred in admitting evidence of the 2022 arrest for possessing a stolen vehicle under Evidence Code section 1101, subdivision (b)[3]; and (2) whether the court erred in declining to dismiss his prior strike. Ast filed a supplemental brief on his own behalf, raising three additional issues for our consideration: (1) whether he was denied his right to a speedy trial; (2) whether his trial counsel rendered ineffective assistance; and (3) whether he was entitled to release on his own recognizance.

---

[2] Further undesignated statutory references are to the Penal Code.

[3] Counsel also references a 2024 burglary conviction that the prosecution moved to admit as impeachment evidence in the event Ast testified. But Ast did not testify at trial, and so the evidence was never admitted.

3

Our review of the record as mandated by *Wende* and *Anders* has disclosed no reasonably arguable appellate issues. We discern no abuse of discretion in admitting the prior arrest evidence. Ast's prior arrest was relevant to show intent, lack of mistake, and knowledge. Similar to the current incident, Ast was caught driving a Chevy that had been recently reported stolen and claimed that his brother gave him the vehicle. (See *People v. Daveggio and Michaud* (2018) 4 Cal.5th 790, 827 [prior acts evidence is admissible to show intent if there are " 'sufficient similarities to demonstrate that in each instance the perpetrator acted with the same intent or motive' "]; cf. *People v. Davidson* (2013) 221 Cal.App.4th 966, 969–970, 973 [prior vehicle theft was sufficiently similar to current theft to show knowledge, intent, and common plan where in both instances defendant punched out the ignition with a flat-blade screwdriver].)

We likewise see no abuse of discretion in the trial court declining to dismiss the prior strike. As the trial court noted, Ast has a lengthy criminal history and he committed the first degree burglary offense underlying the strike allegation less than one year before the current offenses. He had been on parole for just a few months at the time. (See *People v. Carmony* (2004) 33 Cal.4th 367, 378 ["the circumstances must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record' "].)

For his part, Ast principally contends his right to a speedy trial was violated. Section 1382—enacted to implement a defendant's constitutional right to a speedy trial (*Rhinehart v. Municipal Court* (1984) 35 Cal.3d 772, 776)—generally requires that a defendant in a felony case be brought to trial within 60 days of arraignment on an information. (§ 1382, subd. (a)(2).)

4

Here, the record shows Ast was arraigned on the information immediately after the preliminary hearing on November 27, 2024. Despite two continuances, his jury trial timely began on January 27, 2025. (See *People v. Crary* (1968) 265 Cal.App.2d 534, 542 [when the 60th day falls on a Sunday, trial may begin on Monday].) There was no speedy trial violation.

Relying on *People v. Standish* (2006) 38 Cal.4th 858, Ast argues he was entitled to release on his own recognizance because his preliminary hearing took place more than 10 days after his arraignment on the complaint. Even assuming this were true, Ast's remedy would have been to file a petition for writ of habeas corpus or other extraordinary relief seeking release. (See *id.* at pp. 884, 887.) After trial and conviction, an appellant must generally show that the error complained of resulted in prejudice at trial (Cal. Const., art. VI, § 13; see, e.g., *People v. Pompa-Ortiz* (1980) 27 Cal.3d 519, 529–530), a showing that Ast does not attempt to make here.

Finally, Ast appears to claim his trial counsel rendered ineffective assistance by failing to present evidence of an incident that he claims occurred before the current offenses, and that he reported to the police after trial. We are unable to evaluate this claim because it is not clear what incident Ast is referring to, and the record does not contain any information as to why counsel might have declined to present such evidence. (See *People v. Mai* (2013) 57 Cal.4th 986, 1009 ["On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding"].)

Competent counsel represented Ast on this appeal.

## DISPOSITION

The judgment is affirmed.

DATO, Acting P. J.

WE CONCUR:

DO, J.

RUBIN, J.